Richard CHOUKALOS, Appellee and
Cross–Appellant,

v.

The NORTH DAKOTA STATE PERSON-
NEL BOARD, and the North Dakota
Insurance Commissioner, Appellants
and Cross–Appellees.

Civ. No. 880062.

Supreme Court of North Dakota.

Sept. 20, 1988.

Dietz & Little, Bismarck, for appellee
and cross-appellant; argued by Stephen D.
Little. Appearance by Kathryn L. Dietz.

Patricia May McCord Moen (argued),
Asst. Atty. Gen., and Merle T. Pederson
(appearance), Asst. Atty. Gen., Ins. Com'r,
Bismarck, for appellants and cross-appel-
lees.

MESCHKE, Justice.

The North Dakota State Personnel Board
and the North Dakota Insurance Commis-
sioner appealed from a district court judg-
ment that (1) reversed the Board's decision
affirming the Commissioner's termination
of Richard A. Choukalos' employment; (2)
ordered his reinstatement; (3) remanded
for determination of back pay; and (4)
awarded Choukalos attorney fees and
costs. Choukalos cross-appealed, contend-
ing that the Board's findings and conclu-
sions were insufficient. We reverse the
judgment of the district court and affirm
the Board's decision.

Choukalos began working in the Commissioner's office in 1981. Earl Pomeroy became the Commissioner in 1985. In April 1986, the Commissioner and the deputy commissioner evaluated Choukalos' performance as the property and casualty forms and rates analyst. On June 23, 1986, the Commissioner notified Choukalos:

"I am initiating procedures to terminate your employment with the North Dakota Insurance Department, effective June 27, 1986.

"As an employee of the State of North Dakota, you have a right to notice of reasons for termination and an opportunity to respond and provide reasons why you should not be terminated from employment prior to a final decision in this matter.

"Attached to this letter you will find a written notice of termination which sets forth the reasons for termination. You have an opportunity to respond, *in writing*, until 12:00 Noon Thursday, June 26. A final decision will be made in this matter before 5:00 Friday, June 27th."

The letter notice was accompanied by a "NOTICE OF TERMINATION" stating:

"YOU ARE HEREBY NOTIFIED that the Insurance Department is considering discharging you from employment.

"A determination will be made to terminate your position in the Insurance Department unless you provide, prior to 12:00 Noon, Thursday, June 26, 1986, in writing, sufficient reasons why you should not be terminated.

"Discharge is being considered for the following reasons:

"1. ... You have failed to consistently apply the policies of the Insurance Department in reviewing insurance policies which specifically do not comply with Department guidelines.

"2. ... It is critical to the successful performance of this job that the analyst be able to accurately convey the positions of the Insurance Department to insurance companies. You have not demonstrated an ability to convey accurately the Department's positions.

"3. ... You failed to inform the Commissioner and Deputy Commissioner of important issues presented by certain company filings, and have routinely approved certain filings which you should have known would not be acceptable to the Insurance Department.

"4. In your performance evaluation of April 1, 1986, you were informed that your performance needed improvement in the following areas: ... No improvement has been demonstrated in these areas subsequent to the evaluation."

The notice of termination gave several specific examples of Choukalos' misperformance of his duties to substantiate why termination was being considered.

Choukalos waived a departmental hearing and requested a hearing by the State Personnel Board. On July 3, 1986, the Commissioner informed Choukalos that the effective date of Choukalos' termination was July 1, 1986.

After a hearing, the hearing officer summarized the allegations, evidence and arguments, concluded that the Commissioner had proven cause, and recommended that the Board approve Choukalos' termination. The Board[1] approved "the findings and recommendations of the hearing officer."

Choukalos appealed to the district court. Ruling that the hearing officer's summary and recommendation were insufficient, the district court remanded "for preparation of findings, conclusions and a decision which conform to Section 28–32–13 of the NDCC." The hearing officer thereafter prepared findings of fact, conclusions of law, and a recommendation that the Board uphold the termination of Choukalos. The Board adopted the hearing officer's findings and conclusions, and upheld the termination.

The district court reversed the Board's decision, ordered Choukalos' reinstatement, awarded costs and attorney fees, and re-

---

1. Insurance Commissioner Pomeroy, Chairman of the Board, and another member of the Board did not participate in this decision.

manded for a determination of appropriate back pay. The Board and the Commissioner appealed, arguing that:

"I. ... THE DECISION OF THE STATE PERSONNEL BOARD UPHOLDING THE TERMINATION OF CHOUKALOS MUST BE AFFIRMED BECAUSE THE FINDINGS OF FACT MADE BY THE BOARD ARE SUPPORTED BY A PREPONDERANCE OF THE EVIDENCE, THE CONCLUSIONS AND DECISION OF THE BOARD ARE SUPPORTED BY ITS FINDINGS OF FACT, AND THE DECISION IS IN ACCORDANCE WITH THE LAW.

"II. ... THE DISTRICT COURT ERRED IN ORDERING THE REINSTATEMENT OF CHOUKALOS WHEN THE STATE PERSONNEL BOARD DID NOT MAKE A DETERMINATION ON THE ISSUE.

"III. ... THE DISTRICT COURT ERRED IN ORDERING THE REINSTATMENT OF CHOUKALOS WHEN CHOUKALOS THREATENED THE LIFE OF COMMISSIONER POMEROY, WAS AN UNSATISFACTORY EMPLOYEE, HAS BEEN TOTALLY DISABLED SINCE JUNE 23, 1986, AND WHEN HIS REINSTATEMENT WOULD NECESSITATE THE FIRING OF AN INNOCENT EMPLOYEE.

"IV. ... THE DISTRICT COURT ERRED IN AWARDING CHOUKALOS ATTORNEY'S FEES AND COSTS WHEN THE ACTIONS OF THE STATE PERSONNEL BOARD AND THE STATE INSURANCE DEPARTMENT WERE SUBSTANTIALLY JUSTIFIED."

Choukalos cross-appealed, arguing that "THE STATE PERSONNEL BOARD'S 'REFORMATTED' FINDINGS OF FACT AND CONCLUSIONS OF LAW FAILED TO COMPLY WITH THE PROVISIONS OF § 28–32–13, N.D.C.C."

The scope of judicial review of administrative agency decisions is limited. *See,* *e.g., Matter of Prettyman,* 410 N.W.2d 533, 535–536 (N.D.1987):

"The courts must affirm an administrative agency decision unless one of the six items listed in § 28–32–19, N.D.C.C., is present. *Triangle Oilfield Services, Inc. v. Hagen,* 373 N.W.2d 413 (N.D. 1985); *In re Annexation of a Part of Donnybrook Public School Dist. No. 24,* 365 N.W.2d 514 (N.D.1985). We exercise restraint in reviewing the findings of an administrative agency. *Triangle Oilfield Services, Inc. v. Hagen, supra,* 373 N.W.2d at 415. In reviewing the factual basis of administrative orders, there are three critical questions; (1) are the findings of fact supported by a preponderance of the evidence; (2) are the conclusions of law sustained by the findings of fact; and (3) is the agency decision supported by the conclusions of law? *American State Bank, Etc. v. State Banking Board,* 289 N.W.2d 222, 225–226 (N.D.1980). '[W]e do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D. 1979)."

The Board found that Choukalos (1) "was fully aware of [his] duties and responsibilities;" (2) "was fully aware of Insurance Department policies regarding rate deviations;" (3) "failed to consistently apply the policies of the Insurance Department in reviewing policies which specifically do not comply with Department guidelines;" (4) "failed to communicate department policy to insurance companies;" (5) "failed to alert the Commissioner or Deputy Commissioner of important regulatory concerns raised by rate filings;" (6) "failed to improve his performance in the areas shown to be deficient on the April 1, 1986, Performance Evaluation;" and found that "the actions of Mr. Choukalos were detrimental to the discipline and efficiency of the service in which he was engaged having an overall negative effect upon the North Da-

kota Insurance Department." The Board concluded that these failures were "cause" supporting the Commissioner's decision to terminate Choukalos.

Section 59.5–03–03–05, N.D.A.C., authorizes an "appointing authority, . . ., [to] dismiss an employee for cause." Section 59.-5–03–03–02, N.D.A.C., defines "cause" as including "conduct related to the employee's job duties, job performance, or working relationships which is detrimental to the discipline and efficiency of the service in which the employee is or was engaged."

■ No productive purpose would be served by detailing the evidence in the record. We conclude from our review that the Board reasonably reached its factual determinations by the weight of the evidence from the entire record. *See Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979). The findings are, therefore, supported by a preponderance of the evidence. The Board's conclusions that Choukalos' failures constituted cause and that his employment was terminated for cause are sustained by the findings of fact. The Board's decision to uphold Choukalos' termination is supported by its conclusions of law.

■ The district court reversed the Board's decision because it determined that the Commissioner and the Board did not comply with portions of the North Dakota Personnel Policies Manual which have not been promulgated in the North Dakota Administrative Code.[2] But, applicability of, compliance with, and the validity of those portions of the Personnel Policies were not raised as issues in the administrative hearing. At that hearing, the only issue was whether there was cause for Choukalos' termination.

"On appeal from an administrative agency decision, the general rule is that the reviewing court will confine its review to those issues which were raised before the agency." *County of Stutsman v. State Historical Society,* 371 N.W.2d 321, 329

(N.D.1985). *See also Christenson v. Job Service North Dakota,* 399 N.W.2d 300 (N.D.1987) (A matter not raised before the agency is not preserved for appeal). Because applicability of, compliance with, and the validity of those portions of the North Dakota Personnel Policies Manual not published in the North Dakota Administrative Code were not raised as issues in the administrative agency proceeding, those issues have not been preserved for review. We see no reason justifying deviation from the general rule in this case. We conclude that the district court erred in not affirming the Board's decision.

■ On his cross-appeal, Choukalos asserted that the Board's findings and conclusions failed to comply with § 28–32–13, N.D.C.C. "The findings of an administrative agency are adequate when they enable the reviewing court to understand the basis of the agency's decision." *Hystad v. Industrial Commission,* 389 N.W.2d 590, 597 (N.D.1986). The Board's findings and conclusions enable us to understand the basis of its decision.

Choukalos apparently relies on the fact that the Board served on his attorney only the first page of its findings and conclusions and the Board's order, instead of serving Choukalos with the complete findings, conclusions, and order. Under the circumstances of this case, we agree with the observation of counsel for the Board and the Commissioner:

"While this may not have been the best procedure for the Board to have used, it does not render the Findings of Fact and Conclusions of Law adopted by the Board legally insufficient."

Choukalos has not shown any prejudice and we discern none. The cross-appeal is without merit.

We deem it unnecessary to address any of the other issues.

We reverse the judgment of the district court and affirm the Board's decision.

---

2. This court held in *Little v. Spaeth,* 394 N.W.2d 700, 704 (N.D.1986), that "[b]ecause the personnel policies relied on by Little and Dietz were not submitted to the Attorney General for an opinion prior to their adoption and were not published in the North Dakota Administrative Code, they were invalid."

ERICKSTAD, C.J., LEVINE and VANDE WALLE, JJ., and VERNON R. PEDERSEN, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of GIERKE, J., disqualified.