[No. S007750. July 24, 1989.]

GEORGE H. RHODES, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## COUNSEL

Paul J. Geragos and Mark J. Geragos for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., and Marta B. Galeano for Respondent.

## OPINION

**THE COURT.**—In this proceeding we review the recommendation of the Review Department of the State Bar Court that petitioner, George H. Rhodes, be suspended from the practice of law for a period of five years; that execution of the suspension order be stayed; and that he be placed on probation for five years subject to certain conditions, including two years of actual suspension.[1] This recommendation follows his misdemeanor conviction for violating Labor Code section 212 and misconduct related to several disciplinary matters. Petitioner contends that the review department's recommendations of discipline are excessive and not supported by the evidence.

After considering the record and the arguments of petitioner, we adopt the review department's recommendation in all respects, except that we do not require that petitioner retake and pass the Professional Responsibility Examination.

---

[1] The review department further included as a condition of probation that petitioner (1) show satisfactory proof of rehabilitation, fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the Standards for Attorney Sanctions for Professional Misconduct (Rules Proc. of State Bar, div. V), (2) comply with the provisions of the State Bar Act and Rules of Professional Conduct of the State Bar of California, (3) file quarterly reports attesting to his having complied with the provisions of the State Bar Act and Rules of Professional Conduct, (4) certify proper handling of any client funds that have come into his possession, (5) report to a probation monitor of the State Bar Court, (6) maintain a current address with the State Bar, (7) take and pass the Professional Responsibility Examination prior to the expiration of the period of actual suspension, and (8) comply with rule 955, California Rules of Court and perform the acts specified in subdivisions (a) and (c) therein.

## I. Factual Background

Petitioner was admitted to the practice of law in California on January 5, 1966. He was previously disciplined in 1984 for failing to maintain his client's funds in full in his trust account thereby commingling, misappropriating and converting a portion of that client's funds to his own use in violation of former rule 8-101 of the Rules of Professional Conduct.[2] (Bar Misc. No. 4814.) Petitioner received a two-year suspension, stayed, on the condition that he be placed on probation.[3]

The present proceedings concern a conviction referral matter regarding a nolo contendere plea to a misdemeanor violation of Labor Code section 212, subdivision (a),[4] and 11 additional charges of disciplinary violations. The two matters were consolidated and a hearing conducted before a hearing panel consisting of a single referee. Petitioner does not dispute the substance of the referee's findings.

### A. *Conviction Referral Matter.*

Petitioner had a continuing relationship with the Truckee River Bank that allowed him regularly to issue checks with insufficient funds in his account. From time to time, however, the bank refused to honor such checks, leaving petitioner unsure whether a particular check would be honored. Petitioner issued a check in the amount of $375 for wages. The bank did not honor the check and charges were filed against petitioner. On January 2, 1985, petitioner pleaded nolo contendere to a misdemeanor violation of Labor Code section 212, subdivision (a), for failure to have sufficient funds in his checking account at the bank to cover the check. The trial court placed petitioner on informal probation for one year, sentence suspended, and found that petitioner's conduct did not involve moral turpitude. Petitioner subsequently paid the wages in full.

---

[2] We note that the Rules of Professional Conduct were renumbered operative May 27, 1989. Former rule 8-101 is now rule 4-100. Any further references to the Rules of Professional Conduct are based on the numbering as it existed at the time of the State Bar Court's proceedings.

[3] Petitioner was also ordered to take and pass the Professional Responsibility Examination, report to a probation monitor and comply with specified trust-account procedures.

[4] The applicable portion of Labor Code section 212 provides: "No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned: [¶] (a) Any order, check, draft, note, memorandum, or other acknowledgement of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state . . . and at the time of its issuance and for a reasonable time thereafter, which must be at least thirty days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment."

B.  *Disciplinary Violations.*

Count 1 concerned petitioner's improper business transactions with a client. In 1981, petitioner borrowed a total of $6,000 from his client. He failed to make the promised payments, but did issue two checks to the client, each of which was returned for insufficient funds. In 1983, petitioner's client succeeded in obtaining a judgment against him, but was unable to collect because petitioner filed for bankruptcy. Petitioner failed to disclose fully his precarious financial situation to his client before obtaining the loans, failed to advise his client to consult with independent counsel, and failed to obtain his client's written consent to the transaction.

Count 2 concerned petitioner's continuous deposit of personal as well as clients' funds in his client trust fund account and his withdrawal of funds from the account for his personal use. Petitioner also used this account to advance filing fees for clients; two checks used to pay filing fees were returned for insufficient funds.

Counts 3 through 5 concerned checks issued by petitioner that were returned for insufficient funds by the Truckee, California, branch of Bank of America. Finding that petitioner had reasonable grounds to believe the bank would honor his checks, the referee found no violation of the Business and Professions Code or the Rules of Professional Conduct of the State Bar as to these counts.

Counts 6 and 7 concerned three checks issued by petitioner in 1982 that were returned for insufficient funds by a San Francisco branch of Bank of America. Petitioner had no agreement with that bank to honor his overdrafts and had reason to believe that his account did not have sufficient funds to cover those checks.[5]

Count 9 concerned a check issued against petitioner's personal account for the purchase of a car. The check was returned for insufficient funds, and after repeated demands for proper payment, petitioner issued a check written against his separate court costs account, but it was also returned for insufficient funds. Petitioner knew or should have known that these checks would not be honored. Petitioner regularly deposited personal, as well as clients' funds in his court costs account and used that account for the payment of his personal expenses.

Count 10 concerned the commingling of personal funds in his clients' trust account and conversion of these funds for his personal use. Petitioner

---

[5]Count 8 was rejected by both the hearing panel and the review department and is not at issue.

regularly used his court costs account to pay a client's payroll taxes. One check issued for that purpose was returned for insufficient funds. Petitioner knew or should have known the check would not be honored. In 1983, this client declared bankruptcy and requested that petitioner return funds that the client had advanced to petitioner to pay for taxes. Petitioner failed to repay the money until 1985.

Finally, count 11 concerned petitioner's refusal for a period of six years to return funds held for his client at the client's request. The balance in petitioner's trust account during that period was frequently lower than the amount owed to his client.

The hearing panel found petitioner had violated several of the Rules of Professional Conduct of the State Bar as well as Business and Professions Code sections 6068, subdivision (a) [duties of attorney], and 6103 [violation of oath or attorney's duties].[6] Finding that none of the incidents of misconduct involved acts of moral turpitude, the hearing panel recommended a two-year suspension, stayed, and probation for two years subject to conditions including an actual suspension of three months.

The review department adopted most of the hearing panel's findings; however, it determined that petitioner violated Business and Professions Code sections 6068, subdivision (a), and 6103 as to counts 3, 4 and 5. The review department found, contrary to the hearing panel, that petitioner knew his account contained insufficient funds to cover the checks and had no way of knowing whether the checks would be honored by his bank.

The review department also disagreed with the hearing panel's recommendation of discipline, and recommended discipline of five years' suspension, stayed, with a probationary period of five years subject to conditions including actual suspension for two years. The department voted 11 to 1 in favor of the recommended discipline, with the sole dissenting referee recommending disbarment.

## II.   DISCUSSION

### A.   *Sufficiency of Findings.*

■   In attorney discipline matters we independently review the record, reweigh the evidence and pass on its sufficiency. (*Farnham* v. *State Bar*

---

[6]The hearing panel found violations of the Rules of Professional Conduct of the State Bar, former rule 5-101 (avoiding adverse interests) as to count 1; violations of former rule 8-101(A) (preserving identity of funds and property of a client) as to counts 2, 9 and 10; and violations of former rule 8-101(B)(4) (prompt payment to the client of funds to which the client is entitled) as to counts 10 and 11.

(1988) 47 Cal.3d 429, 433 [253 Cal.Rptr. 249, 763 P.2d 1339]; *Franklin* v. *State Bar* (1986) 41 Cal.3d 700, 708 [224 Cal.Rptr. 738, 715 P.2d 699].) However, the findings of the State Bar are entitled to great weight and are presumed to be supported by the record. (*Coppock* v. *State Bar* (1988) 44 Cal.3d 665, 677 [244 Cal.Rptr. 462, 749 P.2d 1317].) The burden falls upon petitioner to show that the findings are not supported by convincing proof to a reasonable certainty. (*Ibid.*)

Petitioner first contends that the State Bar Court erred by instituting proceedings on counts 2, 3 and 4 because it failed to consolidate them with his previous disciplinary proceeding (hereinafter the Lindblad matter) even though he had approached the State Bar with evidence of these matters before it filed the order to show cause in the Lindblad matter. Petitioner asserts that the State Bar's proceedings are quasi-criminal in nature and that the State Bar cannot proceed on these counts because they are res judicata or alternatively that he has already been in jeopardy.

Rule 511 of the Rules of Procedure of the State Bar provides that if the State Bar decides to terminate its investigation of alleged misconduct, then the State Bar, with some exceptions, is barred from instituting further proceedings against the member based upon the same alleged facts.[7] Here, however, the State Bar did not say it was terminating its investigation, but noted that it was still investigating the alleged misconduct.[8] ■ While the State Bar could have consolidated the Lindblad matter with petitioner's other alleged incidents of misconduct (see rule 262, Rules Proc. of State Bar), "[t]here is no mandatory consolidation provision, and it is apparently common for disciplinary matters involving the same member to be handled independently." (*Smith* v. *State Bar* (1985) 38 Cal.3d 525, 536 [213 Cal.Rptr. 236, 698 P.2d 139].) Counts 2, 3 and 4 therefore did not have to be consolidated with the earlier proceedings, and are not res judicata in this proceeding. ■ In addition, we note that a disciplinary proceeding is not a criminal action and ordinary criminal procedural safeguards do not apply. (*Goldman* v. *State Bar* (1977) 20 Cal.3d 130, 140 [141 Cal.Rptr. 447, 570 P.2d 463].) Even if we were to apply the principle of double jeopardy, there

---

[7] Rule 511 of the Rules of Procedure of the State Bar provides: "The decision of the Office of Investigation or Office of Trial Counsel that a formal proceeding shall not be instituted is a bar to further proceedings against the member based upon the same alleged facts. This rule shall not apply when there is new or additional evidence, or, upon a showing of good cause at the discretion of the Director, Office of Investigation, or the Director, Office of Trial Counsel, or, if further proceedings are ordered by the Complainants' Grievance Panel under rules 513 et seq. of these rules."

[8] Petitioner claims the State Bar did not actually conduct any further investigation after he brought these matters to its attention. Petitioner offers no evidence in support of this claim and only speculates that there was no further investigation because the State Bar did not produce any statements and primarily relied on his testimony in its case-in-chief.

was no violation here since the State Bar considered the above counts for disciplinary purposes only in this proceeding.

Petitioner also contends that the review department erroneously amended the hearing panel's findings by finding violations of Business and Professions Code sections 6068 and 6103 as to counts 3, 4 and 5 when the hearing panel found no violations in those instances. ■ The review department found that petitioner knew his account had insufficient funds and had no way of knowing whether his checks would be honored by the bank.

The hearing panel based its contrary finding that petitioner had reasonable grounds to believe that his bank would honor the checks on the existence of an oral agreement between petitioner and the Truckee branch of Bank of America. The oral agreement was only an informal one in which the bank agreed to work with petitioner and extended credit to him by allowing a negative balance. The bank did not represent that it would honor all of petitioner's checks for insufficient funds. Further, petitioner stated that he was aware that the agreement depended on whether his check was presented to the loan officer who had knowledge of the agreement, but he had no way of knowing whether the check would be presented to that particular officer. Pursuant to this agreement, the bank honored several checks petitioner presented against his account when he had insufficient funds; however, the bank also returned petitioner's checks on many occasions when he had insufficient funds. Petitioner was therefore on notice that he could not reasonably rely on the informal agreement.[9] We conclude that the review department's findings are supported by the evidence, and that petitioner has failed to meet his burden of showing that its findings were erroneous or unlawful.

B. *Appropriate Discipline.*

■ It is well established that although the State Bar's recommendation as to discipline is entitled to great weight, we exercise our independent judgment in determining the appropriate punishment for professional misconduct. (*Chefsky* v. *State Bar* (1984) 36 Cal.3d 116, 132 [202 Cal.Rptr. 349, 680 P.2d 82]; *Gordon* v. *State Bar* (1982) 31 Cal.3d 748, 757 [183 Cal.Rptr. 861, 647 P.2d 137].) " 'Our principal concern is always the

---

[9] Numerous courts have passed on the issue of a reasonable reliance defense when applying Penal Code section 476a (passing worthless checks). In *People* v. *Rubin* (1963) 223 Cal.App.2d 825, 835 [36 Cal.Rptr. 167, 9 A.L.R.3d 707], the court noted that "[t]he rule of law upon which the defendant relies requires that there be a 'reasonable expectation of funds' as the source for payment of the check upon its presentation. . . . 'The expectation of the defendant must, however, be more than mere hope. The circumstances must be such as to justify a reasonably certain belief that funds will be available.' " Here, petitioner had no grounds to be reasonably certain that the bank would honor his check.

protection of the public, the preservation of confidence in the legal profession, and the maintenance of the highest possible professional standard for attorneys.'" (*Chefsky* v. *State Bar, supra,* at p. 132, quoting *Jackson* v. *State Bar* (1979) 23 Cal.3d 509, 514 [153 Cal.Rptr. 24, 591 P.2d 47].) The discipline in each case must be determined by the particular facts and circumstances of the case. (*Jackson* v. *State Bar, supra,* at p. 514.) The petitioner bears the burden of demonstrating that, with due consideration to these objectives, the recommendation of the State Bar is erroneous. (*McMorris* v. *State Bar* (1983) 35 Cal.3d 77, 84 [196 Cal.Rptr. 841, 672 P.2d 431].)

■ Petitioner first contends that the review department's recommendation of discipline is excessive because it failed or refused to consider his mitigating evidence. Petitioner points to a number of mitigating factors. Between 1977 and 1983, petitioner's first and second marriages ended under difficult circumstances. His son, who was estranged from him, also died accidentally during this period. Personal difficulties, such as domestic difficulties and family tragedy, are considered as factors of mitigation. (*Smith* v. *State Bar* (1984) 37 Cal.3d 17, 25 [206 Cal.Rptr. 545, 687 P.2d 259].) Current and former jurists from the municipal court, superior court and Court of Appeal testified as to petitioner's good character, as did John Howard, a former chief deputy district attorney of Los Angeles County, and Evelle J. Younger, a former Attorney General of California. These witnesses, however, had little contact with petitioner since he had left Southern California in 1979, and were for the most part not in contact with petitioner when his misconduct occurred. Petitioner has shown remorse for these incidents of misconduct and has reimbursed all parties to whom he owed funds. We note, however, that petitioner did not promptly reimburse all of his clients. (See *Fitzpatrick* v. *State Bar* (1977) 20 Cal.3d 73, 88 [141 Cal.Rptr. 169, 569 P.2d 763] [belated restitution under pressure or threat of disciplinary proceedings is not helpful].) Petitioner also has shown some evidence of rehabilitation by serving his clients in a satisfactory manner since the State Bar initiated disciplinary proceedings.

Our independent review of the evidence, however, convinces us that petitioner's misconduct was so serious that the mitigation he showed does not warrant a lesser discipline. Petitioner's misconduct could very well have warranted more serious discipline than the review department recommended. Violations of Business and Professions Code sections 6068 and 6103 are grounds for disbarment depending on the gravity of the misconduct. (See stds. 2.6(a) and 2.6(b), Stds. for Atty. Sanctions for Prof. Misconduct, Rules Proc. of State Bar, div. V.) Petitioner's acts of misconduct which consisted of taking money from clients and writing numerous bad checks over a four-year period represent a "continuing course of serious professional misconduct." (*Tomlinson* v. *State Bar* (1975) 13 Cal.3d 567, 576 [119 Cal.Rptr.

335, 531 P.2d 1119].) As we set forth in *Alkow* v. *State Bar* (1952) 38 Cal.2d 257, 264 [239 P.2d 871], the attorney's "continued practice of issuing checks which he knew would not be honored violates 'the fundamental rule of ethics—that of common honesty—without which the profession is worse than valueless in the place it holds in the administration of justice' [citation]." Petitioner also commingled and misappropriated funds, activity which can lead to disbarment absent mitigating factors. (*Bate* v. *State Bar* (1983) 34 Cal.3d 920, 923-924 [196 Cal.Rptr. 209, 671 P.2d 360]; see std. 2.2, Stds. for Atty. Sanctions for Prof. Misconduct.) In light of the factors of mitigation demonstrated by petitioner, we conclude that the review department's recommendation of discipline appropriately reflects the seriousness of petitioner's behavior and our concern to protect the public.

Petitioner also contends that the review department's recommendation is excessive in light of the State Bar's delay in prosecuting these proceedings, noting that the last alleged incident of misconduct occurred prior to 1984. ■ In *Wells* v. *State Bar* (1978) 20 Cal.3d 708, 715 [144 Cal.Rptr. 133, 575 P.2d 285], we held that "[t]he passage of time in itself is neither a denial of due process nor a jurisdictional defect [citations], absent a showing of specific prejudice [citation]." However, in *Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 550 [113 Cal.Rptr. 602, 521 P.2d 858], we held that although mere delay is no defense to a State Bar proceeding, it may be a factor in mitigation. As petitioner points out, there is some question as to whether the State Bar proceeded as expeditiously as possible in these proceedings. The hearing panel, however, found that some of the delay could be attributed to several motions filed by petitioner.[10] We thus consider the delay in these proceedings as only a slight factor of mitigation and not significant enough to bring into question the review department's disciplinary recommendation.[11]

■ Finally, petitioner contends that the review department's recommendation is excessive since it improperly considered petitioner's prior

---

[10]Petitioner filed several motions requesting continuances, substitution of counsel, and a motion to disqualify the hearing panel and appoint a retired judge as well as a rehearing of this latter motion.

[11]Petitioner claims that many of the matters have been pending since 1982 or 1983 and that if the State Bar had proceeded expeditiously he would have finished probation in 1986. He argues that because of the delay, he will not complete probation until 1994. First, we note that petitioner bases this claim on an assertion which we have already rejected—that the State Bar was required to consolidate matters in this proceeding with the Lindblad matter. Further, petitioner does not show that the State Bar was aware of all the matters in this proceeding in 1983. For example, we did not refer the conviction matter to the State Bar until April 1985. While petitioner alleges that the State Bar was aware of counts 2, 3 and 4 when the Lindblad matter was pending, he makes no similar claim for the other counts. Although almost two years passed between the time the State Bar filed its eleven-count order to show cause in September 1985 and the time it held formal hearings in July 1987, this delay is attributable in large part to the various motions filed by petitioner.

disciplinary record as a factor in aggravation. Although petitioner suggests that the Lindblad matter was pursued alone only to achieve a prior disciplinary record for this proceeding, petitioner presents no evidence in support of this allegation. In *Lewis* v. *State Bar* (1973) 9 Cal.3d 704 [108 Cal.Rptr. 821, 511 P.2d 1173], we considered a similar situation where the petitioner argued that the misconduct leading to his prior disciplinary record occurred after the incidents giving rise to the later proceeding, and that therefore the prior misconduct should be ignored. We disagreed, stating that if the full facts of petitioner's earlier misconduct had been before the court at petitioner's first disciplinary proceeding, "much more severe discipline would have been warranted at that time." (*Id.* at p. 715.) Similarly, if the Lindblad matter had been consolidated with the present proceeding, much more severe discipline would have then been warranted. We thus conclude that the review department did properly consider petitioner's prior disciplinary record as an aggravating factor in determining the appropriate degree of discipline.

## III. DISPOSITION

Having independently reviewed the record (*Bach* v. *State Bar* (1987) 43 Cal.3d 848, 855 [239 Cal.Rptr. 302, 740 P.2d 414]), we adopt the recommendation of the review department in all respects except one. Since petitioner was required to take and pass the Professional Responsibility Examination pursuant to his prior disciplinary matter and the misconduct involved in this proceeding occurred before he passed the examination, we do not require that he retake and pass that examination.

Accordingly, petitioner George H. Rhodes shall be suspended from the practice of law for a period of five years with execution of suspension stayed. Petitioner shall be placed on probation for that period subject to the conditions of probation set forth by the review department, including actual suspension of two years. Additionally, petitioner is required to show satisfactory proof of rehabilitation, fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii) of the Standards for Attorney Sanctions for Professional Misconduct (Rules Proc. of State Bar, div. V), comply with the provisions of the State Bar Act and Rules of Professional Conduct, file quarterly reports attesting to his having complied with the provisions of the State Bar Act and Rules of Professional Conduct, report to a probation monitor, certify proper handling of any client funds that come into his possession and maintain a current address with the State Bar. He is also ordered to comply with rule 955, California Rules of

Court,[12] and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the date this order is effective. This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 24(a).)

---

[12] See Business and Professions Code section 6126, subdivision (c) (it is an offense to fail willfully to comply with rule 955).