*2000 ND 145*

**Marilyn HOLEN, Claimant and Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU,**
**Appellee,**

and

**X Press Mart, Respondent.**

**No. 990320.**

Supreme Court of North Dakota.

July 20, 2000.

Kathryn L. Dietz of Dietz, Little & Haas, Bismarck, for claimant and appellant.

Lawrence E. King, Special Assistant Attorney General, Bismarck, for appellee.

NEUMANN, Justice.

[¶ 1] Marilyn Holen appealed from the district court's judgment upholding the North Dakota Workers Compensation Bureau's order denying her benefits resulting from the aggravation of a prior work injury. We reverse and remand.

[¶ 2] In July 1994, Holen injured her back while working at X Press Mart. She filed for and received disability benefits. A few months later, Dr. Bernard Varberg, Holen's treating physician, removed a herniated disk in Holen's back. In March 1995, a functional capacity evaluation ("FCE") was performed on Holen. The FCE indicated Holen should not do repetitious forward bending or stooping more than 1 percent of the workday or squatting more than 33 percent of the workday. It

recommended she perform a job on a full-time basis in the "light" physical demand level. The "light" physical demand level permitted "frequent" (34 to 66 percent of the workday) lifting of objects weighing 10 pounds but only "occasional" (0 to 33 percent of the workday) lifting of objects weighing 20 pounds.

[¶ 3] An August 1995 vocational consultant's report indicated Holen could work a full-time job with light physical demands. The report recommended Holen do "no repetitive bending or twisting." The Bureau subsequently approved a rehabilitation plan, and on September 14, 1995, the Bureau issued an order denying Holen further disability and vocational rehabilitation benefits. The order indicated "[Holen's] medical limitations are: Light physical demands on a full-time basis." Holen did not appeal the order.

[¶ 4] In November 1995, a vocational rehabilitation representative referred Holen to a position at an independently-owned doughnut stand inside a Wal–Mart store. Holen worked at the doughnut stand, occasionally seeking treatment for her back, until about February 1997. She then applied for a position in the Wal–Mart snack bar. On her application, Holen indicated she had been unemployed from July 1994 to November 1995 and listed the reason for her unemployment as: "Surgery—Health Corrected." Prior to accepting the Wal–Mart position, Holen signed a job matrix, indicating she could perform the essential functions of the job which included "bend[ing], twist[ing], squat[ting]" and occasionally lifting up to fifty pounds. Holen began as a part-time employee but, after a few months, became a full-time employee.

[¶ 5] Upon the recommendation of Dr. Varberg, Holen stopped working in November 1997. The next month, she reapplied for disability benefits. Reasoning

Holen knowingly exceeded the scope of her treatment recommendations by working at the Wal–Mart snack bar and exceeding the recommendations aggravated her back injury, the Bureau denied Holen's reapplication for benefits in a March 12, 1998, order. On April 6, 1998, Holen requested a hearing.[1] In a May 28, 1998, letter, the Bureau acknowledged receipt of Holen's request and indicated a hearing before an administrative law judge ("ALJ") would be set. The Bureau requested an ALJ in September, and a hearing was held in December. The ALJ found: (1) Holen had exceeded her treatment recommendations, and (2) Dr. Varberg had determined this aggravated her back injury. In April 1999, the ALJ accordingly recommended denial of benefits. The Bureau adopted the ALJ's findings and recommendation in May. Holen appealed to the district court, and it affirmed. Judgment was entered on August 30, 1999. Holen appealed.

[¶ 6] We must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not supported by its findings of fact, its decision is not supported by its conclusions of law, its decision is not in accordance with the law, or its decision violates the claimant's constitutional rights or deprives the claimant of a fair hearing. *Renault v. North Dakota Workers Comp. Bureau.*, 1999 ND 187, ¶ 8, 601 N.W.2d 580.

[¶ 7] Holen argues procedural delays violated her statutory and due process rights. We hold Holen has failed to show substantial prejudice has resulted from the delays. .

[¶ 8] Holen was entitled to a hearing under N.D.C.C. § 65–01–16. The statute provides "procedures [that] must be followed in claims for benefits, notwithstand-

---

1. Although Holen labeled her request as one for a "rehearing," we refer to her request as one for a "hearing." *See Frank v. Traynor,* 1999 ND 183, ¶ 11, 600 N.W.2d 516 (indicat-

ing " 'rehearing' provided in section 65–01–16(7), N.D.C.C., is in reality a request for a formal hearing, which is to be conducted under the provisions of N.D.C.C. ch. 28–32").

ing any provisions to the contrary in chapter 28–32" and indicates "[r]ehearings must be conducted as hearings under ch. 28–32 to the extent the provisions of that chapter do not conflict with this section." N.D.C.C. § 65–01–16(8). No timeline is provided in N.D.C.C. § 65–01–16 for the Bureau's response to the claimant's request for a hearing. Similarly, N.D.C.C. § 28–32–05, which provides procedures agencies must comply with during all adjudicative proceedings, does not indicate a time within which an agency must provide a hearing to a claimant.

■■ [¶ 9] A claimant, however, still may be entitled to relief because of administrative delays. "[D]ue process is flexible and must be analyzed on a case-by-case basis, balancing the competing interests and assessing whether the basic due process requirement of fairness has been satisfied." *Wahl v. Morton County Soc. Servs.*, 1998 ND 48, ¶ 6, 574 N.W.2d 859 (analyzing whether a denial of due process occurred when the Department of Human Services failed to provide a hearing within thirty days of a claimant's request as required by federal and state medicaid provisions). To recover for delay in administrative proceedings, a claimant must show she was substantially prejudiced by the delay. *Id.* at ¶ 6, citing *Hickey v. North Dakota Dept. of Health*, 536 N.W.2d 370, 372 (N.D. 1995).

[¶ 10] Our inquiry accordingly is whether Holen has shown she was substantially prejudiced by the delay in the administrative proceedings. Both the Bureau and the ALJ caused delays. On April 6, 1998, Holen submitted her request for a hearing. The Bureau did not respond to the request until May 28 and did not seek designation of an ALJ until September 1. The Office of Administrative Hearings designated an ALJ two days later, but hearings did not commence until December 9. The record was closed January 11, 1999. However, the ALJ did not issue recommended findings, conclusions, and order until April 9, 1999, despite the statutory provision the

ALJ must "issue recommended findings of fact and conclusions of law and a recommended order within thirty days after the evidence has been received, briefs filed, and arguments closed, or as soon thereafter as possible." N.D.C.C. § 28–32–13(3). Although Holen asserts she was in a "desperate situation" awaiting the hearing, she does not show how her circumstances would have been improved by the Bureau's earlier acknowledgment and denial of her claim for benefits. *See Siewert v. North Dakota Workers Comp. Bureau*, 2000 ND 33, ¶ 37, 606 N.W.2d 501 (determining the claimant was ultimately not entitled to benefits and concluding the claimant failed to demonstrate substantial prejudice because of administrative delays).

[¶ 11] Because Holen does not show how her circumstances would have been improved by the Bureau's earlier denial of her claim, we conclude Holen failed to demonstrate substantial prejudice and is not entitled to relief because of the delays.

■■ [¶ 12] Holen argues the ALJ erred in finding: (1) she had exceeded the treatment recommendations, and (2) her doctor had determined exceeding the recommendations aggravated her back injury. Section 65–05–28(5), N.D.C.C., provides:

If an employee undertakes activities, whether or not in the course of employment, which exceed the treatment recommendations of the employee's doctor regarding the work injury, and the doctor determines that the employee's injury or condition has been aggravated or has worsened as a result of the employee's activities, the bureau may not pay benefits relative to the aggravation or worsening, unless the activities were undertaken at the demand of an employer. . . .

[¶ 13] We recently determined the Bureau must prove the claimant knew of the specific work restrictions and intentionally engaged in activities exceeding those restrictions before benefits can be denied based on aggravation of a prior injury.

*Tangen v. North Dakota Workers Comp. Bureau,* 2000 ND 135, ¶ 23. Here, the record contains evidence Holen may have taken a position exceeding the work restrictions prescribed by Dr. Varberg and this aggravated her back injury. The most relevant finding provides:

29. The evidence is persuasive that Marilyn Holen undertook activities which exceeded Dr. Varberg's treatment recommendations. The fact that she knowingly and voluntarily took a job well above the light work treatment recommendation establishes this. Taking the evidence as a whole, Dr. Varberg directly attributes Ms. Holen's worsening condition to the bending and twisting inherent in the medium work job that she took on and is one of the reasons that food service jobs, as a general principle, were ruled out for her.

However, neither the ALJ nor the Bureau have made the required finding that Holen knew of the specific work restrictions and intentionally exceeded the known restrictions. The Bureau's findings, therefore, do not support application of N.D.C.C. § 65-05-28(5) to preclude benefits. *See Tangen,* at ¶ 25.

[¶ 14] We reverse the district court's judgment and remand for further proceedings, including, if necessary, the hearing of additional evidence, consistent with this opinion and *Tangen.*

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE SANDSTROM, JJ., concur.

[¶ 16] The Honorable CAROL RONNING KAPSNER, J., disqualified herself subsequent to oral argument and did not participate in this decision.