## Norma Lavigne v. Department of Social Welfare

[423 A.2d 842]

No. 306-79

Present: Daley, Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed November 5, 1980

*John H. Hasen,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*M. Jerome Diamond,* Attorney General, Montpelier, and *Andrew M. Eschen,* Assistant Attorney General, Waterbury, for Defendant.

Hill, J. This is an appeal from a decision of the Vermont Human Services Board (Board) denying retroactive payments in Aid to Needy Families With Children (ANFC) benefits. We reverse.

The ANFC program is designed to assist families with needy dependent children "to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection . . . ." 42 U.S.C. § 601. The program "is based on a scheme of cooperative federalism," *King* v. *Smith,* 392 U.S. 309, 316 (1968), financed chiefly by the federal government. States choosing to participate in ANFC administer the program and are given broad latitude in determining the applicable standard of need and level of benefits. *Id.* at 318–19. The Commissioner of Social Welfare, pursuant to 33 V.S.A. §§ 2505(c)(1) and (2), has authority to establish necessary standards and regulations. The state must, however, comport with the federal laws, statutes and regulations controlling the program. *Borkman* v. *Commissioner of Social Welfare,* 128 Vt. 561, 564, 268 A.2d 790, 792 (1970); *King, supra,* 392 U.S. at 317; *In re Fowler,* 130 Vt. 176, 178, 288 A.2d 463, 465 (1972).

42 U.S.C. § 602(a)(7) provides that in determining need, the state welfare agency "shall . . . take into consideration . . . any expenses reasonably attributable" to the earned income of the ANFC recipient. A myriad of work-related expenses ranging from taxes and social security payments to more "nebulous" ones such as snacks and personal grooming are deductible from gross income. Welfare Assistance Manual (WAM) § 2253.3. Expenses claimed must be verified by the welfare recipient. See WAM §§ 2253.3, 2122.3.

To implement the program, the Secretary of Health, Education, and Welfare promulgated 45 C.F.R. § 206.10(a)(2), which provides:

> (i) Applicants and all individuals who inquire about the program shall be informed about the eligibility requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eli-

gibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. . . .

(ii) Procedures shall be adopted which are designed to assure that recipients make timely and accurate reports of any change of circumstances which may affect their eligibility or the amount of assistance.

In applying for ANFC benefits, an applicant is asked to complete a form which inquires whether he is employed. The applicant is specifically asked the amount he spends for child care and transportation. A catch-all question inquires as to all other employment-related expenses. The specific deductions permitted by WAM § 2253.3 are not listed on the application form nor is a list provided of the allowable expenses. Appellant did not complete that section of the application form dealing with related expenses.

In August, 1978, at the initial interview, a Department caseworker advised appellant she could deduct travelling expenses from gross income. When asked by the caseworker about child care costs, appellant replied that she would have none until after summer vacation ended in September, when her older children would return to school and could no longer babysit for the younger children. The caseworker did not recite the other allowable deductions, but told appellant about the most common ones.

Appellant's next contact with the Department came during the regular six-month review in early 1979. A new caseworker had been assigned. Work-related expenses were discussed generally, but appellant did not mention the interim child care expenses. The caseworker admitted at the Board hearing that she neither inquired into specific expenses other than transportation costs, nor brought up the subject of babysitting despite the fact that the previous caseworker had noted in the files that appellant would be incurring such expenses come September. In fact, the caseworker said it was her custom not to inquire into all work-related expenses. The section of the application regarding work-related expenses remained blank.

Appellant argues that she was prevented from deducting certain available work-related expenses because the Depart-

ment caseworkers failed to apprise her of the entire list of deductions and neglected to follow up on information about child case costs. She claims back expenses for child care, clothing, meals and snacks totaling $389.82.

Although the Department does not dispute that the expenses claimed are normally deductible, it terms an affirmative duty to specify allowable deductions "ludicrous, and not required by law." In addition, the Department argues that it is appellant's responsibility to inform the agency when new expenses are incurred, that retroactive reimbursement would be improper, and that appellant has insufficient verification of the claimed expenses.

The Board found that to require the Department to specify all deductible work-related expenses would be too costly and time-consuming, and denied the request for retroactive adjustment of employment expenses.

 In reversing the Board's decision, we hold as a matter of law that the Department has an affirmative duty to advise applicants specifically of their rights under ANFC. Only in this way can states "take into consideration . . . any expenses reasonably attributable to the earning of . . . income." 42 U.S.C. § 602(a)(7); see *Shea* v. *Vialpando*, 416 U.S. 251 (1974). Caseworkers must list clearly the deductible work-related expenses. It is their duty to insure that the allowances and requirements for verifying expenses are understood. Further, in a case such as this where the applicant specifically tells a caseworker of upcoming expenses, it is the Department's responsibility not to ignore that fact.

The Department, citing WAM § 2234.1(1), argues that even if there were errors, appellant is not entitled to retroactive corrective relief. WAM § 2234.1(1) reads:

> Department errors which resulted in underpayment of assistance shall be promptly corrected retroactively . . . when the information was available to the department at the time the error occurred to enable authorization of the correct amount.

The Department claims that the necessary information was not "available." Because of our holding that the Department has an affirmative duty to inquire as to specific deductions,

and because the Department's own files had information about appellant's child care expenses, we find that the information in question was indeed ascertainable.

██ The Department also claims that since appellant did not properly verify past expenses, she cannot now regain the lost reductions. To decide that appellant has permanently lost deserved benefits because the Department circumvented its affirmative duties under the ANFC program would be anomalous. Since there is no dispute that the claimed expenses are normally deductible, there is no reason to continue to deprive her. "Once eligibility exists the State's commitment to provide that income vests in and accrues to that individual and where that commitment is not met . . . it must be made up to cover that period during which it was wrongfully denied. The fact that one has survived that 'brutal need' without assistance does not wipe out the right to assistance that was vested at the time of need . . . ." *Alexander* v. *Weaver*, 345 F. Supp. 666, 675 (N.D. Ill. 1972).

*The decision of the Vermont Human Services Board is reversed and the case remanded to determine the correct amount of retroactive payments owed appellant.*