558 So.2d 32 (1989)
Celina GONZALEZ, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 89-876.
District Court of Appeal of Florida, First District.
December 7, 1989.
Rehearing Denied April 4, 1990.
Valory Greenfield, Legal Services of Greater Miami, Inc., Miami, for appellant.
Ken Muszynski, Asst. General Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.
*33 BOOTH, Judge.
This cause is before us on appeal of an order of the Department of Health and Rehabilitative Services (HRS) denying appellant's application for restoration of lost Aid to Families with Dependent Children (AFDC) and food stamp benefits. At issue is HRS's compliance with federal regulations and Florida case law governing that agency's duty to affirmatively assist applicants for public assistance programs. Finding that the agency has insufficiently complied, we reverse and remand with directions to restore the lost benefits.
The relevant facts are that appellant and her daughter Yanet came to the United States from Cuba in 1980. Following their arrival, they moved to New Jersey, where they received AFDC and food stamps. Appellant gave birth to another child in New Jersey. In July 1986, the family moved to South Florida and applied for the same benefits in Hialeah. What followed was a classic example of bureaucratic runaround, and for 15 months no benefits were paid for Yanet.
The Hialeah HRS office took appellant's copies of her New Jersey paperwork. She had to reapply in Miami later that month. The Miami office told her she had insufficient documentation of Yanet's immigration status and told her to contact the Immigration and Naturalization Service (INS). She did, but despite her repeated efforts, INS did nothing for more than a year. She also contacted New Jersey authorities but got no response. She finally received the necessary documentation in October 1987, and Yanet was added to the grant.
Appellant does not speak English. During the 15-month wait, her Spanish-speaking case workers twice told her that HRS could help her get the documents. They had her sign a form indicating she understood. They never told her, however, that she had to sign a written waiver before HRS would help. The form did not mention the waiver. Appellant testified she would have gladly signed if she had only known.
Appellant correctly argues that applicable federal regulations required HRS to inform her about the waiver requirement. The Code of Federal Regulations provides that applicants for public assistance programs
shall be informed about the eligibility requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eligibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. [emphasis added]
45 C.F.R. § 206.10(a)(2)(i) (1988). In Pond v. Department of Health and Rehabilitative Services, 503 So.2d 1330 (Fla. 1st DCA 1987), this court held that where federal regulations required applicants to be informed about eligibility requirements, those regulations created an affirmative duty to inform applicants about relevant requirements when case workers were "confronted with unequivocal facts raising a red flag as to conditions of eligibility." In Buckley v. Department of Health and Rehabilitative Services, 516 So.2d 1008 (Fla. 1st DCA 1987), this court held that under the same regulation cited above, AFDC applicants must be "fully informed of eligibility requirements so they may change their circumstances sufficiently to comply with such requirements."
Appellant's repeated attempts to obtain the required documentation, her complete lack of success as the months wore on, and her inability to do anything more than she had already done created the type of "red flag" situation described in Pond. A 15-month delay is an unconscionably long time to do nothing where a child is involved, and this is exactly the kind of situation that Buckley, Pond, and federal regulations seek to avoid.
Lost food stamp benefits may be restored for a period of not more than 12 months beginning with the date the agency receives a request for restoration. 7 C.F.R. § 273.17(a)(2)(i) (1989). AFDC regulations *34 require full restoration of all lost benefits. 45 C.F.R. §§ 205.10(a)(18) and (b)(2) (1988), and 233.20(a)(13)(ii) (1988). Appellant requested restoration on June 27, 1988. Accordingly, we direct HRS to award AFDC benefits from July 7, 1986 through October 1, 1987, and food stamps from June 27, 1987 until October 1, 1987.
WIGGINTON and BARFIELD, JJ., concur.