PER CURIAM.
Charles Debose appeals a final order affirming the Department of Health and Rehabilitative Services’ [Department] denial of Aid to Families with Dependent Children [AFDC] benefits for March, April, and May 1991.[1] We reverse.
Mr. Debose filed an application to change the designated payee of his family’s AFDC *196 benefits to himself.[2] The Department had originally designated the children’s mother as the payee. Mr. Debose’s request for a change in payee was premised on his custody of the children and the mother’s drug use.[3] The Department’s AFDC Unit approved the change application and issued a document to change the designated payee to Mr. Debose effective March 6, 1991. However, in May, the Department substituted Mr. Debose as payee, effective June instead of March 1991.[4] The record indicates that the delay was caused by confusion resulting from the beginning of a Department training program. As a result, Mr. Debose’s family, the AFDC assistance group, did not receive the March, April, and May benefits; those benefits were payable to and obtained by the original payee.
Mr. Debose sought restoration and correction of AFDC benefits lost or unpaid due to Department error. The Department denied Mr. Debose’s request for retroactive benefit payments. Relying on Florida Administrative Code Rule 10C-1.084, the hearing officer affirmed the denial of benefits and concluded that providing those benefits would constitute duplicate assistance.
An applicant for AFDC benefits is entitled to “receive prompt action.” Fla.Admin.Code Rule 1001.078(2). Under the Code, “[t]he Department has 45 calendar days from the date of application to make a decision of eligibility and to mail a check or letter of rejection on an AFDC applica-tion. .. .” Fla.Admin.Code Rule 100 1.080(9); see 42 U.S.C.A. § 602(a)(10)(A) (West 1990); Fla.Admin.Code Rule 10C-1.081(3)(j).[5] Mr. Debose’s change request was subject to the benefit of that standard of promptness: the definition of “application” includes requests to change AFDC grant payees. Fla.Admin.Code Rule 10C-1.080(4). The Department failed to proceed promptly, according to its own rules. In order to have complied with the Code’s time standards, the Department should have mailed Mr. Debose a check by the middle of March. Although the Department approved the application in a timely fashion, it failed to effectuate the change on time and the assistance group did not receive its first check until June, a delay of approximately 60 days. The only record basis for such delay is Department error. Accordingly, the assistance group is entitled to restoration of lost benefits. See Gonzalez v. Department of Health & Rehabilitative Servs., 558 So.2d 32 (Fla. 1st DCA 1989) (where department’s failure to inform applicant how to proceed resulted in fifteen month delay in benefits applicant entitled to restoration of lost benefits); see also Bussey v. Department of Health & Rehabilitative Servs., 526 So.2d 984 (Fla. 1st DCA 1988).
The hearing officer erroneously concluded that the assistance group received benefits for March, April, and May, and that granting Mr. Debose’s request for restora *197 tion of lost payments would constitute duplicate benefits to the assistance group. Florida Administrative Code Rule 10C-1.084 does not preclude the payment of lost benefits to the assistance group. Rule 10C-1.084 states, in pertinent part: “[t]he needs of a person shall not be considered in more than one assistance grant at the same time.” [6] That is not the situation in this case. Here, the Department failed to direct payment of the group’s sole assistance grant to the appropriate approved payee. Because the payee serves as the recipient of the group’s benefits, see § 409.185(6), Fla.Stat. (1989), the hearing officer erred in concluding that payments issued to a person who has ceased to be the proper payee, may constitute a benefit to the group. That conclusion contravenes the purpose of the AFDC program which endeavors to aid needy dependent children. See § 409.235, Fla.Stat. (1989); 42 U.S.C.A. § 601 (West 1990). We, therefore, hold that the Department erred in entering the order affirming the denial of requested lost benefits to Mr. Debose based on Rule 10C-1.084. On remand, the Department shall award Mr. De-bose the requested benefits. 45 C.F.R. §§ 205.10(a)(18), 205.10(b)(2), 233.-20(c)(13)(ii) (1991).
Reversed and remanded with directions.

. The AFDC program provides financial assist-anee to needy children and their families pursu *196 ant to Title IV-A of the Social Security Act, federal and state regulations, Chapter 409, Florida Statutes, and caselaw. Fla.Admin.Code Rule 10C-1.076(1). E.g., Ealey v. Holt, 523 So.2d 173 (Fla. 1st DCA 1988); Pond v. Department of Health & Rehabilitative Servs., 503 So.2d 1330 (Fla. 1st DCA 1987).

. Florida Administrative Code Rule 10C-1.083(1) defines payee as "the caretaker relative with whom the child lives who assumes primary responsibility for the child’s daily supervision, care and control_ However, when the parent fails to assume primary responsibility for the child, a specified relative in the home who does assume primary responsibility for the child must be the payee.”

. The record does not indicate that sanctions were imposed against the mother; however, a Department document states that Mr. Debose is the protective payee of the children’s grant, see Fla.Admin.Code Rule 10C-1.083(4), and that the mother’s needs were removed from the grant. The record also contains documents which refer to Mr. Debose as the payee rather than the protective payee.

. Mr. Debose received the first payment in June. He had also sought a change in the recipient of food stamp benefits. The Department effectuated that change timely.

. Florida Administrative Code Rule 10C-1.083(1) states that ”[w]hen more than one person claims to be the person assuming primary responsibility for the children], the eligibility specialist shall determine who will be payee for the AFDC check.”

. Moreover, under the facts of this case, the payment to Mr. Debose would not violate the prescription of "only one payee for a sibling group of children living in the same household." Fla.Admin.Code Rule 10C-1.084. According to the record, Mr. Debose was the only designated payee as of March 1991. The AFDC benefits supervisor testified that Department AFDC Unit 32 had changed the payee to Mr. Debose and that the Department failed to process the submitted documents timely.