Russell B. JOHNSON, Appellee,

v.

NORTH DAKOTA WORKERS'
COMPENSATION BUREAU,
Appellant.

Civ. No. 910419.

Supreme Court of North Dakota

May 6, 1992.

Thomas M. Peterson of Gunhus, Grinnell, Klinger, Swenson & Guy, Moorhead, for appellee.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workers' Compensation Bureau, Bismarck, for appellant.

VANDE WALLE, Justice.

The North Dakota Workers' Compensation Bureau appealed from a district court judgment which, while affirming the Bureau's dismissal of Russell Johnson's claim for benefits, reversed the Bureau's order that Johnson reimburse the Bureau for benefits paid when a claims analyst erroneously determined that Johnson's injury was work related. We reverse in part and remand.

Johnson is a self-employed life insurance salesman who contracted with the Bureau for coverage as permitted by section 65–07–01, NDCC. In February 1989, Johnson injured his back during an early morning aerobics class. He filed a claim with the Bureau in January 1990, stating that he was "prospecting" for potential sales at the time of his injury. The Bureau's claims analyst accepted Johnson's claim and, consequently, Johnson received medical and disability benefits totaling $9,284.58. In January 1991, the Bureau dismissed Johnson's claim, concluding that the injury did not arise out of and in the course of employment activities, and ordered Johnson to repay the benefits he had received in error.

Johnson asked the Bureau to reconsider its denial of his claim and a hearing was held. The hearing officer affirmed the dismissal of Johnson's claim and the order that he repay the Bureau for the medical and disability benefits he had received. Johnson appealed to the district court which affirmed the Bureau's determination that Johnson's injury did not arise out of and in the course of employment activities. Johnson asked the district court to reconsider its decision; the court again affirmed the Bureau's determination that Johnson's injury was not work related, but concluded that the Bureau was estopped from claiming repayment of the benefits Johnson had been erroneously paid.

On appeal, the Bureau challenges only the district court's determination that it is estopped from ordering Johnson to repay the medical and disability benefits that the Bureau paid in error. The question of whether Johnson's back injury sustained during an aerobics class taken, in part, to meet potential clients was work related was decided against Johnson by the Bureau and the district court, and Johnson has not cross-appealed.

█ The Bureau argues that the court erred when it estopped the Bureau from ordering Johnson to repay his workers compensation benefits. In *Blocker Drilling Canada, Ltd. v. Conrad*, 354 N.W.2d 912, 920 (N.D.1984), we held that estoppel is available against governmental entities, although it should not be applied freely. "[Estoppel against the government] is a doctrine which must be applied on a case-by-case basis with a careful weighing of the inequities that would result if the doctrine is *not* applied versus the public interest at stake and the resulting harm to that interest if the doctrine *is* applied." *Id.* (emphasis in original). Johnson raised his estoppel argument for the first time in his appeal from the Bureau to the district court. He did not present any additional evidence respecting the Bureau's conduct; the only evidence reviewed by the district court was the record of the administrative proceedings. After reviewing that record, we conclude that Johnson failed to establish the basic elements of estoppel applicable even when the state is not involved; we therefore need not engage in the weighing required by *Blocker*.

█ An essential element of any estoppel claim is detrimental reliance by the person asserting estoppel. *See, e.g., Farmers Cooperative Assoc. v. Cole*, 239 N.W.2d 808 (N.D.1976). Johnson's attorney argued to the district court that:

"If Russell Johnson had known that his claim was not work-related and not covered by workers' compensation, he would have taken action to pay the medical benefits himself or to obtain payment from another insurer. Russell Johnson did not do so because he relied on the Bureau's award of benefits. Russell Johnson's inaction as to ... obtaining disability benefits from another insurer constituted a change of position or status to his injury, detriment and prejudice."

The record does not, however, support the factual assertions made in this argument. The only evidence presented at the administrative hearing respecting Johnson's ability to obtain benefits from other insurers is contained in this exchange between the Bureau's attorney and Johnson:

"Q Do you have any other insurance for health?

A For health?

Q Yes.

A For—

Q Blue Cross–Blue Shield?

A Yes.

Q Have they paid any of your medical bills for this incident?

A Yes, they did.

Q How much?

A I don't recall the specific amount."

The only evidence before the agency, and the district court, demonstrated that Johnson had other insurance and that he had been able to collect some medical benefits from that source for the injuries erroneously compensated by the Bureau. Johnson did not say whether other insurance covered his disability claim. He did not say whether it was still possible for him to collect from other insurance for his injuries. In other words, Johnson did not show how he was prejudiced by the Bureau's initial erroneous approval of his claim. The fact that he should repay that which he was not entitled to receive is not, in itself, sufficient to establish detrimental reliance. The district court erred when it found the Bureau estopped from ordering Johnson to repay the benefits.

█ Although the district court applied a different reason for reversing the Bureau's repayment order, Johnson, as he is entitled to do [*e.g., Ward v. Shipp*, 340 N.W.2d 14 (N.D.1983)] defends the district court's decision by attacking the Bureau's authority to order repayment of benefits; he, there-

fore, argues that the agency decision is not supported by the law.

In an appeal from a district court judgment reviewing a decision of an administrative agency, we review the record before the administrative agency and its decision rather than the decision of the district court. *Pleinis v. North Dakota Workers Compensation Bureau,* 472 N.W.2d 459 (N.D.1991). Our review of administrative agency decisions is governed by section 28–32–19, NDCC, which requires a three-step process to determine (1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are supported by the findings of fact; and (3) if the agency decision is supported by the conclusions of law. *Id.*

Our duty in interpreting statutes is to fulfill the object and intent of the legislature. *E.g., Aanenson v. Bastien,* 438 N.W.2d 151 (N.D.1989). Several rules of construction guide our inquiry into legislative intent. Statutes must be construed as a whole to determine the intent of the legislature, deriving that intent by taking and comparing every section as a part of a whole. *E.g., Ebach v. Ralston,* 469 N.W.2d 801 (N.D.1991). We interpret statutes in context, *e.g., Stutsman County v. State Historical Soc.,* 371 N.W.2d 321 (N.D. 1985), and, in particular, read a statute in relation to others on the same subject in order to give meaning to each statute without rendering one or the other useless. *E.g., State v. Mees,* 272 N.W.2d 61 (N.D. 1978).

The Bureau concluded that section 65–05–29(3), NDCC, gives it the authority to order Johnson to repay the benefits once the Bureau determines the benefits were paid in error. That section provides, in part:

"Assignment of claims void—Claims exempt. Any assignment of a claim for compensation under this title is void. All compensation and claims therefor are exempt from claims of creditors except any of the following:

   . . . .

   3. A claim by the bureau for any payments made due to:

   a. Clerical error, mistake of identify, innocent misrepresentation by or on behalf of the recipient, or any other circumstance of a similar nature, all not induced by fraud, in which cases the recipient shall repay it or recoupment of any unpaid amount may be made from any future payments due to the recipient on any claim with the bureau;

   b. An adjudication by the bureau or by order of the board or any court, if the final decision is that the payment was made under an erroneous adjudication, in which cases the recipient shall repay it or recoupment of any unpaid amount may be made from any future payments due to the recipient on any claim with the bureau. . . .

Johnson's argument is two pronged. First, he argues that section 65–05–04, NDCC, contains the exclusive list of situations over which the Bureau has continuing jurisdiction. That section states that the Bureau may, on its own motion or by application, review an award of benefits and "may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation." Johnson contends that the absence in this section of any reference to obtaining reimbursement means that the Bureau had no jurisdiction to issue an order demanding repayment of benefits.

This contention ignores the existence of 65–05–29, NDCC. Section 65–05–04, NDCC, expressly authorizes the Bureau to review an award of benefits, on its own motion, and to end the payment of benefits. Clearly, one reason for ending payments is the Bureau's conclusion on review that the benefits should not have been awarded in the first place. Section 65–05–29(3), NDCC, authorizes the Bureau to make a claim for payments made, among other reasons, due to innocent misrepresentations by a recipient, or "made under an erroneous adjudication." In those cases, "the recipient shall repay [payments made in error] or recoupment of any unpaid amount may be made from any future payments due to the

recipient on any claim with the bureau...." NDCC § 65–05–29(3)(a), (b). Reading these sections together, we conclude that the Bureau has the authority under section 65–05–04, NDCC, to review an award and, if the reason for the ending or diminishing of the award is one listed in section 65–05–29(3), NDCC, to seek repayment from the recipient.[1]

Johnson's second argument is there was no "adjudication by the bureau," and that section 65–05–29(3), NDCC, therefore, does not authorize the Bureau's order in this case. "[Adjudication]," Johnson says, "implies a hearing by a court, after notice, of legal evidence on the factual issue(s) involved." *See* Black's Law Dictionary 39 (5th ed. 1979). But this same dictionary entry states that "adjudication" is equivalent to a "determination." *Id.* Section 65–05–29(3)(b), NDCC, refers to an "adjudication by the bureau." The term, as used in this context, clearly cannot be restricted to a hearing by a court. The regulations governing the Bureau provide that its review and determination of a claim based on the file constitutes an "informal hearing." NDAC § 92–01–02–03. *See also Steele v. North Dakota Workmen's Com-*

*pensation Bureau*, 273 N.W.2d 692 (N.D. 1978). The Bureau reviewed the initial decision to pay Johnson benefits and determined that his injury did not occur in the course of employment. This decision was affirmed at the formal hearing and, on appeal, by the district court. We conclude that the initial determination that Johnson was entitled to workers' compensation benefits was an "erroneous adjudication" within the meaning of section 65–05–29(3)(b), NDCC.[2] The decision of the Bureau is supported by the conclusions of law.

Accordingly, we affirm the Bureau's order and we reverse the district court's amended judgment and remand for entry of a judgment consistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE, LEVINE and JOHNSON, JJ., concur.

---

1. Neither party has addressed the effect of the Bureau's order pursuant to section 65–05–29(3), NDCC, when, as here, the recipient refuses to repay and there are no future payments expected by the recipient. We do not decide whether the order to repay is enforceable as a judgment or whether additional steps are necessary to make the order to repay enforceable against the recipient.

2. Because we conclude that the Bureau's order dismissing Johnson's claim and ordering him to repay benefits erroneously awarded was authorized by section 65–05–29(3)(b), NDCC, we need not review the applicability of section 65–05–29(3)(a), NDCC, to this case.