Joan M. BRUNNER, Appellant,

v.

WARD COUNTY SOCIAL SERVICES
BOARD and North Dakota Department
of Human Services, Appellees.

Civ. No. 940028.

Supreme Court of North Dakota.

July 18, 1994.

Richard R. LeMay, Minot, for appellant. Appearance by appellant Joan M. Brunner.

Carmen G. Miller, Asst. Atty. Gen., Bismarck, for appellees.

SANDSTROM, Justice.

Joan M. Brunner appeals from a district court judgment affirming a decision by the Department of Human Services finding her ineligible for Aid to Families with Dependent Children (AFDC) benefits from November 1992 through February 1994, because she received a lump-sum award of $5,790 for unemployment benefits. We affirm. Following the decision of the United States Supreme Court in *Gardebring v. Jenkins,* 485 U.S. 415, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988), we hold 45 C.F.R. § 206.10(a)(2)(i) does not impose a duty on AFDC caseworkers to advise AFDC applicants of ways to avoid or minimize the congressionally intended consequences of nonrecurring lump-sum income.

## I

In January 1992, Brunner lost her job and applied for unemployment benefits. She was denied those benefits and appealed. She also applied for AFDC benefits. A narrative compiled by her AFDC caseworker stated:

"Joan had income plus she received her vacation pay in 01–92, therefore, her income was too high for AFDC in the month of 01–92. Joan's AFDC started 02–01–92 as w[e]ll as Food stamps. Joan was fired from Sweetheart Bakery d[ue] to fighting on the job. Joan applied for Unemployment but has not received it yet because the bakery is saying that she broke a known company rule, Joan is appealing the Unemployment decision. If she wins the appeal for her Unemployment, she will not be eligible for AFDC as she will receive $193 per week Unemployment. Also, according to the main office for retir[e]ment benefits the first possible eligibility for Joan to receive retir[e]ment benefits would be when she is 50 years old, however, the monthly amount would be reduced & she would be better off to wait until she is 65. However, there is no possible way that she would be able to get her retir[e]ment benefits even though she was fired until she is 50 years old."

According to Brunner, she contacted her caseworker monthly between January and September of 1992, and was never informed how a lump-sum award for unemployment benefits would affect her AFDC eligibility.

In September 1992, the decision denying Brunner unemployment benefits was reversed. Brunner received a lump-sum award of $5,790 for unemployment benefits on September 18, and she reported the award to her caseworker on September 22. According to Brunner, the caseworker then explained the consequences of the lump-sum rule and its affect on her AFDC eligibility. On November 9, 1992, the Ward County Social Services Board held Brunner was ineligible for AFDC benefits from November 1992 through February 1994, because of the lump-sum award.

Brunner appealed to the Department. A hearing officer recommended affirming the Board's decision:

"Ms. Brunner was given a brochure at the time she applied for AFDC in January 1992 which warned her that the receipt of a lump sum payment could result in a period of ineligibility, and advised her to

contact her eligibility worker in such an event.

"Ms. Brunner advised her eligibility worker at the time she applied for AFDC in January 1992 that she was appealing a denial of unemployment insurance benefits, but did not indicate that the appeal might be lengthy or that she anticipated receiving a considerable sum of money if she should prevail. Her caseworker was told only that she might receive some unspecified amount at some undisclosed time in the future. Ms. Brunner failed to show, by the greater weight of the evidence, that it should have been obvious to her eligibility worker that the lump sum rule would have a significant affect on eligibility.

\* \* \* \* \* \*

"As Ms. Brunner was provided with a brochure that alerted her to the lump sum rule and its possible consequences, and as she provided her caseworker with inexact, ambiguous information about the possibility of receiving some unspecified amount of income at some undisclosed time in the future, and as it was not unreasonable for her caseworker to assume that any amount she might receive would be determined and paid to her within a month or so, and would not affect her eligibility for an extended period of time, Ms. Brunner's caseworker did not have a duty to more specifically inform her of the effect of the lump sum rule or to advise her of methods to avoid its application."

The Department adopted the hearing officer's recommendation, and Brunner appealed to the district court. The district court affirmed the Department's decision, and Brunner appealed to this Court.

## II

■ When a decision of the Department is appealed to the district court and then to this Court, we review the Department's decision and look at the record compiled before the Department. *Hinschberger v. Griggs County Social Services,* 499 N.W.2d 876, 879 (N.D. 1993). Under N.D.C.C. §§ 28–32–21 and 28–32–19, we affirm the Department's decision if its findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by its findings of fact, its decision is supported by its conclusions of law, and its decision is in accordance with the law. *Hinschberger.*

## III

In *Wiedmeier v. North Dakota Department of Human Services,* 491 N.W.2d 712, 713–715 (N.D.1992), this Court summarized the AFDC program:

"as an exercise in cooperative federalism, governed by various federal and state statutes and regulations. *King v. Smith,* 392 U.S. 309, 316, 88 S.Ct. 2128, 2133, 20 L.Ed.2d 1118, 1125 (1968); *S.W. v. North Dakota Department of Human Services,* 420 N.W.2d 344, 346 (N.D.1988); *see* 42 U.S.C. § 601 *et seq.;* 45 C.F.R. ch. II; Chapter 50–09, N.D.C.C.; Chapter 75–02–01, N.D.A.C.

"The federal statutes and regulations provide that a nonrecurring lump sum received by an AFDC family in a month when they received benefits must be prorated. *See* 42 U.S.C. § 602(a)(17); 45 C.F.R. § 233.20(a)(3)(ii)(F). Under the federal formula, the lump sum is added to any other income received that month, and any applicable exemptions are subtracted. If this amount exceeds the family's monthly 'standard of assistance,' it is divided by that monthly standard. The family is disqualified from AFDC benefits for the number of months equal to the quotient and any remainder is counted as income in the month after total ineligibility ceases. In other words, the lump sum is prorated and treated as monthly income in the amount the family would ordinarily receive as benefits.

\* \* \* \* \* \*

"Authorized means exist to avoid some consequences of the lump sum rules. Because the rules apply only if the lump sum is received in a month when the family received AFDC benefits, the case may, under certain circumstances, be closed for that month to avoid consideration of the lump sum. The family's ability to close the case is affected by the time of the month when the lump sum is received."

Brunner asserts she disclosed sufficient facts to her caseworker to require the caseworker to affirmatively advise her of the procedures for closing her case in the month in which the lump-sum award was received to avoid the consequences of the lump-sum rule. The Department responds its representatives had no duty to advise Brunner how to manipulate her case to minimize the consequences of the lump-sum award.

In *Wiedmeier* the identical issue was raised. This Court, however, did not decide the issue because, assuming a duty to advise existed under some circumstances, the duty was not triggered under the facts of the case. In *Wiedmeier* at 716, the caseworker received "inexact, ambiguous information" about a potential lump-sum award which did not raise a " 'red flag' " to trigger a duty to advise the recipient of a method for minimizing the consequences of the lump-sum rule.

In *Wiedmeier*, this Court cited two Florida cases, *Gonzalez v. Department of Health and Rehabilitative Services*, 558 So.2d 32 (Fla.Ct. App.1989), and *Pond v. Department of Health and Rehabilitative Services*, 503 So.2d 1330 (Fla.Ct.App.1987). In each of those cases, the AFDC caseworker was confronted with unequivocal facts raising a red flag as to conditions of eligibility, and the court held the caseworker had an affirmative duty to inform the AFDC claimant of the policy upon which the claimant's eligibility was conditioned.

In imposing an affirmative duty on the caseworker, *Pond* and *Gonzalez* relied on a federal notice regulation, 45 C.F.R. § 206.-10(a)(2)(i), which provides:

"(a) *State plan requirements.* A State plan under title I, IV–A, X, XIV, or XVI(AABD), of that Social Security Act shall provide that:

\*       \*       \*       \*       \*       \*

"(2)(i) Applicants shall be informed about the eligibility requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eligibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. Specifically developed bulletins or pamphlets explaining the rules regarding eligibility and appeals in simple, understandable terms are publicized and available in quantity."

The notice regulation specifies certain requirements for state plans for public assistance programs, including informing applicants in writing and orally, as appropriate, about eligibility criteria and their rights and obligations under the program. In *Gardebring v. Jenkins*, 485 U.S. 415, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988), the United States Supreme Court considered the notice regulation in the context of a 1981 amendment to the AFDC statutes. The amended statute precluded families receiving a nonrecurring lump-sum award from getting AFDC benefits for the number of months the prorated lump-sum award satisfied the family's designated monthly standard of need. *See also Lukhard v. Reed*, 481 U.S. 368, 107 S.Ct. 1807, 95 L.Ed.2d 328 (1987). The Court said the notice regulation "explains that printed information about access to AFDC benefits, such as pamphlets, booklets, and flyers, be available, and that such information may be transmitted orally as well." *Gardebring*, 485 U.S. at 426–27, 108 S.Ct. at 1313. The Court held the notice regulation "simply requires the State to publish a general description of the basic structure of the AFDC program and its availability. We would require a much more precise mandate to the States to permit courts to interfere with the workings of governmental benefits programs by ordering the taking of certain affirmative steps." *Id.* at 432, 108 S.Ct. at 1315.

Nothing in *Gardebring* implies the notice regulation requires caseworkers to advise AFDC applicants about methods to manipulate the applicant's case to avoid or minimize the consequences of the lump-sum rule. Rather, *Gardebring* requires a more precise mandate for a duty and suggests a different purpose for the notice regulation to allow "the family to budget the use of [the lump sum] money to replace its normal AFDC checks." *Gardebring* at 425, 108 S.Ct. at 1312. In reaching its decision, the Court deferred to the administrative interpretation

of the "orally as appropriate" language of the notice regulation to mean "it is generally appropriate to rely on an oral explanation of the consequences of receiving a lump-sum payment when the recipient reports it to the family's caseworker." *Gardebring* at 429, 108 S.Ct. at 1314. The administrative interpretation of the "orally as appropriate" language does not suggest a duty to advise AFDC applicants about methods to minimize the consequences of the lump-sum rule.

Moreover, in *Lukhard,* 481 U.S. at 372, 107 S.Ct. at 1810–11, the Court explained the purpose of the 1981 statutory amendments adopting the lump-sum rule:

> "The Secretary of HHS became concerned that AFDC recipients who acquired a large amount of income had an incentive to spend it as rapidly as possible, in order to regain eligibility by reducing their resources to a level beneath the State's resource limit. To solve this problem, the Secretary proposed and Congress passed an amendment to the AFDC statute. Under that amendment, AFDC recipients who receive an amount of income that exceeds the State's standard of need are rendered ineligible for as many months as that income would last if the recipients spent an amount equal to the State's standard of need each month."

■ Imposing a duty on AFDC caseworkers to tell applicants how to minimize or avoid the consequences of the lump-sum rule is contrary to the expressed purpose for the enactment of the lump-sum rule. In view of the congressional intent for the lump-sum rule, and the lack of any clear duty in the notice regulation, we conclude the notice regulation does not impose a duty on caseworkers to advise applicants of methods to minimize the consequences of the lump-sum rule.

The cases relied upon by Brunner to impose such a duty are not persuasive. *See Pond; Gonzalez; Buckley v. Department of Health and Rehabilitative Services,* 516 So.2d 1008 (Fla.Ct.App.1987); *Williams v. Department of Health and Rehabilitative Services,* 522 So.2d 951 (Fla.Ct.App.1988); *Bulla v. Director, Department of Social Services,* 159 Mich.App. 665, 406 N.W.2d 908 (1987); *Zarko v. Director, Department of*

*Social Services,* 144 Mich.App. 576, 375 N.W.2d 765 (1985); *Lavigne v. Department of Social Welfare,* 139 Vt. 114, 423 A.2d 842 (1980). Those cases were either decided before *Gardebring,* or did not consider *Gardebring,* and we decline to follow them. We hold the notice regulation does not impose a duty on AFDC caseworkers to advise AFDC applicants about procedures for minimizing the consequences of a lump-sum award. Rather, under *Gardebring,* the notice regulation requires the State to provide AFDC applicants with a general written description of the basic structure of the AFDC program and the availability of AFDC benefits.

■ In this case, the Department found Brunner provided her caseworker with inexact, ambiguous information about the possibility of receiving some unspecified amount of income at some undisclosed time in the future. The Department also found Brunner was provided with a brochure which warned her the receipt of a lump-sum award could result in a period of ineligibility. The evidence presented at the administrative hearing indicated Brunner received a brochure generally describing the AFDC program and explaining the consequences of the lump-sum rule. Brunner did not deny she received the brochure, but did not remember reading it. The Department's findings are supported by a preponderance of the evidence, and those findings support the conclusion Brunner was provided with the notice required by the federal regulation.

## IV

■ Brunner argues the lump-sum rule is not enforceable because it has not been adopted in a state statute, or in a regulation adopted in compliance with the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *See, e.g., Illies v. Illies,* 462 N.W.2d 878, 883 (N.D.1990) (child support guidelines not enforceable because they were not properly promulgated regulations); *Mullins v. North Dakota Department of Human Services,* 454 N.W.2d 732, 735 (N.D.1990) (chapters in Department's manual for determining eligibility for case management services were not enforceable because they were not properly promulgated regulations).

The lump-sum rule is mandated by federal statute and regulation. 42 U.S.C. § 602(a)(17); 45 C.F.R. § 233.20(a)(3)(ii)(F).[1] Brunner's argument is not persuasive because the provisions cited by her in the Department's manual provide details about opening and closing AFDC cases and do not create conditions of eligibility. Instead, the *conditions of eligibility are set by federal statute and regulation.*

## V

Brunner argues the Department is estopped from denying her AFDC benefits because of the lump-sum rule.

 Estoppel is not freely applied against government entities. *Blocker Drilling Canada, Ltd. v. Conrad*, 354 N.W.2d 912, 920 (N.D.1984). Estoppel against a governmental entity is a doctrine which must be applied on a case-by-case basis with a careful weighing of the equities involved. *Blocker.* Estoppel requires conduct which amounts to a false representation or concealment of a material fact. *Blocker.*

In this case, we have already concluded Brunner's caseworker did not have a duty to tell Brunner how to minimize the consequences of the lump-sum rule. The Department complied with the notice regulation, and there is no evidence the Department misrepresented or concealed information relating to the lump-sum rule. Brunner has failed to establish the basic elements for estoppel even when the State is not involved, and we therefore need not engage in the weighing required by *Blocker. See Johnson v. North Dakota Workers' Compensation Bureau*, 484 N.W.2d 292, 294 (N.D.1992). In the absence of a duty on the part of the caseworker and in view of the Department's compliance with the notice regulation, we are not persuaded estoppel applies to the Department's administrative decision on eligibility for AFDC benefits.

## VI

The district court judgment is affirmed.

VANDE WALLE, C.J., and NEUMANN, J., concur.

LEVINE and MESCHKE, JJ., concur in the result.

1. 42 U.S.C. § 602(a)(17) provides:
    "A State plan for aid and services to needy families with children must— ... (17) provide that if a child or relative applying for or receiving aid to families with dependent children, ... receives in any month an amount of earned or unearned income which, together with all other income for that month ... exceeds the State's standard of need applicable to the family of which he is a member—(A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month ... divided by (ii) the standard of need applicable to such family."
    45 C.F.R. § 233.20(a)(3)(ii)(F) provides, in part:
    "When the AFDC assistance unit's income ... exceeds the State need standard for the family because of receipt of nonrecurring earned or unearned lump sum income ..., the family will be ineligible for aid for the full number of months derived by dividing the sum of the lump sum income and other income by the monthly need standard for a family of that size."