**Wanda OLLIE, Appellant,**

**v.**

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES and Morton County Social Service Board, Appellees.**

**Civ. No. 930399.**

Supreme Court of North Dakota.

July 18, 1994.

---

David Boeck, of Legal Assistance of North Dakota, Bismarck, for appellant. Appearance by Wanda Ollie.

Carmen G. Miller, Asst. Atty. Gen., Atty. General's Office, Bismarck, for appellees.

SANDSTROM, Justice.

Wanda Ollie appeals from a district court judgment affirming the decision of the North Dakota Department of Human Services to disqualify Ollie from participation in Aid to Families with Dependent Children (AFDC) for a period of 68 months. We affirm, holding caseworkers do not have a duty to inform AFDC recipients of ways to avoid or minimize the congressionally intended consequences of nonrecurring lump-sum income.

I

The dispute in this case centers upon the federal lump-sum rule, which governs eligibility of AFDC recipients who receive certain lump-sum payments. This Court explained the lump-sum rule in *Wiedmeier v. North Dakota Department of Human Services,* 491 N.W.2d 712, 714 (N.D.1992);

"The federal statutes and regulations provide that a nonrecurring lump sum received by an AFDC family in a month when they received benefits must be prorated. *See* 42 U.S.C. § 602(a)(17); 45 C.F.R. § 233.20(a)(3)(ii)(F). Under the federal formula, the lump sum is added to any other income received that month, and

any applicable exemptions are subtracted. If this amount exceeds the family's monthly 'standard of assistance,' it is divided by that monthly standard. The family is disqualified from AFDC benefits for the number of months equal to the quotient and any remainder is counted as income in the month after total ineligibility ceases. In other words, the lump sum is prorated and treated as monthly income in the amount the family would ordinarily receive as benefits."

In early 1992 Ollie was receiving AFDC benefits. She had informed her caseworker that she anticipated receiving a settlement in a pending wrongful death action for the death of her daughter. Ollie testified her caseworker advised her generally about the lump-sum rule, and she was specifically told if she received her settlement check and an AFDC check in the same month she would be ineligible for AFDC benefits for an extended period of time. Ollie's caseworker testified she told Ollie at a meeting on March 3, 1992, that Ollie would be ineligible for AFDC on a prorated basis if she received an AFDC check and the lump-sum settlement in the same month; that Ollie should close her AFDC case in the month prior to receiving the settlement to avoid the lump-sum rule; and that Ollie should discuss the settlement's effect on her AFDC eligibility with the attorney handling her tort claim.

Ollie received and cashed her April 1992 AFDC check on April 1. On April 2, she left a message for her caseworker requesting that her AFDC case be closed. On April 3, Ollie received a $22,176 check in settlement of her tort claim. Because Ollie did not close her AFDC case in the prior month and had received the lump-sum and an AFDC check in the same month, the Morton County Social Service Board applied the federal lump-sum rule and determined Ollie was ineligible for AFDC benefits for 68 months, from June 1992 through January 1998. The Board's decision was affirmed by the Department, and Ollie appealed to district court. The district court affirmed, and Ollie now appeals to this Court.

II

When a decision of the Department is appealed to the district court and then to this Court, we review the Department's decision and look at the record compiled before the Department. *Hinschberger v. Griggs County Social Services,* 499 N.W.2d 876, 879 (N.D.1993). Under N.D.C.C. §§ 28-32-21 and 28-32-19, we affirm the Department's decision if its findings of fact are supported by a preponderance of the evidence, its conclusions of law are supported by its findings of fact, its decision is supported by its conclusions of law, and its decision is in accordance with the law. *Hinschberger.*

III

Ollie argues the Board and the Department had a duty to advise her to close and reopen her case each month to minimize the consequences of the federal lump-sum rule. Ollie asserts this duty arises from 45 C.F.R. § 206.10(a)(2)(i):

"§ *206.10 Application, determination of eligibility and furnishing of assistance.*

"*(a) State plan requirements.* A State plan under title I, IV–A, X, XIV, or XVI(AABD), of that Social Security Act shall provide that:

\* \* \* \* \* \*

"(2)(i) Applicants shall be informed about the eligibility requirements and their rights and obligations under the program. Under this requirement individuals are given information in written form, and orally as appropriate, about coverage, conditions of eligibility, scope of the program, and related services available, and the rights and responsibilities of applicants for and recipients of assistance. Specifically developed bulletins or pamphlets explaining the rules regarding eligibility and appeals in simple, understandable terms are publicized and available in quantity."

In *Brunner v. Ward County Social Services Board,* 520 N.W.2d 228 (N.D.1994), also decided today, we rejected a very similar argument. Relying upon *Gardebring v. Jenkins,* 485 U.S. 415, 108 S.Ct. 1306, 99 L.Ed.2d 515 (1988), we held the federal regu-

lation does not create a duty to notify an applicant for AFDC benefits who was anticipating a lump-sum award about methods to minimize the consequences of the lump-sum rule:

> "We hold the notice regulation does not impose a duty on AFDC caseworkers to advise AFDC applicants about procedures for minimizing the consequences of a lump sum award. Rather, under *Gardebring,* the notice regulation requires the State to provide AFDC applicants with a general written description of the basic structure of the AFDC program and the availability of AFDC benefits."

*Brunner* at 232.

The issue is even simpler when, as here, it is an AFDC *recipient* asserting a right to notice under 45 C.F.R. § 206.10(a)(2)(i). The federal regulation on its face applies only to *applicants.* In *Gardebring v. Jenkins,* 485 U.S. at 428–429, 108 S.Ct. at 1313–14, the United States Supreme Court specifically held that "a reading of the plain language of the notice provision and other provisions in the same section reveals that only applicants, and not recipients, are addressed by the requirement that individuals be given information about the program." We hold the notice regulation does not impose a duty upon the Department, county social service boards, or caseworkers to advise AFDC recipients about procedures to minimize the consequences of the lump-sum rule.

## IV

Ollie also asserts she was prejudiced by the Department's "Unannounced, Underground" adoption of a policy changing the procedures for closing and reopening cases to minimize the consequences of the lump-sum rule. Prior to October 1991, AFDC recipients could retroactively close their case if a lump-sum award was received before the 15th day of the month. Under the policy adopted in October 1991, an AFDC recipient had to close her case by the second-to-last working day of the prior month, and then reopen her case by the last working day of the current month, to effectively minimize the consequences of the lump-sum rule. The new policy was incorporated into the Department's manual in February 1992.

Ollie does not assert the policy was not in effect when she received her lump-sum award in April 1992. She does not challenge the validity of the policy, nor does she assert it was a substantive rule required to be formally adopted under N.D.C.C. ch. 28–32, the Administrative Agencies Practice Act. *See Brunner,* 520 N.W.2d at 232–233; *Mullins v. North Dakota Department of Human Services,* 454 N.W.2d 732, 734–735 (N.D.1990). Rather, Ollie asserts the caseworker was not fully informed about the new policy's provisions, and the caseworker therefore did not fully advise Ollie at their March 3, 1992 meeting, about options for closing and reopening her case under the new policy. Because we have concluded the caseworker had no duty to tell Ollie how to minimize the congressionally intended consequences of the lump-sum rule, the caseworker's alleged lack of knowledge about the policy is wholly irrelevant.[1]

## V

▬ Ollie also asserts the Department is estopped from declaring her ineligible for benefits based upon the lump-sum rule. One of the essential elements of estoppel is "conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than those which the party subsequently attempts to assert." *Minex Resources, Inc. v. Morland,* 518 N.W.2d 682, 687 (N.D.1994) (quoting *Farmers Cooperative Association of Churchs Ferry v. Cole,* 239 N.W.2d 808, 813 (N.D.1976)). Ollie asserts the Department's failure to satisfy its duty to provide specific information about the lump-sum rule constituted false representation and concealment of material fact. Because we have held there was no

---

1. We also note the information which was provided to Ollie was entirely consistent with the new policy, so there was no possibility she was misled by the caseworker's advice.

duty to advise Ollie about specific procedures to evade the lump-sum rule, estoppel does not apply. *See Brunner,* 520 N.W.2d at 233.

## VI

The district court judgment is affirmed.

VANDE WALLE, C.J., and NEUMANN, J., concur.

MESCHKE and LEVINE, JJ., concur in the result.